IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANIEL OSBORN | COMPLAINT |
| Plaintiff, | |
| v. | Case No. 17-cv-510 |
| NUNO HARVESTING, CORP; ERIC NUÑO | |
| Defendants | |

## SUMMARY OF CLAIMS

Mr. Osborn is a migrant agricultural worker. Nuño Harvesting Corp recruited Mr. Osborn to leave his home in Florida to come to Wisconsin to detassel corn. Mr. Osborn claims numerous violations of the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. §1801 *et seq.*, and of the Wisconsin Migrant Act, Wis. Stats. §103.90 *et seq*. Mr. Osborn also alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the plaintiff's federal claims pursuant to 28 U.S.C. §1331 (federal question), 28 USC § 1337 (a) (interstate commerce), and 29 USC § 216(b) (FLSA).

2. This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. §1367 because these claims are so related to the federal claims that they form part of the same case or controversy.

1

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions at issue took place in this district. Venue is also proper under 29 U.S.C. § 1854(a).

## PARTIES

4. DANIEL OSBORN, Plaintiff, is an adult resident of Fort Pierce, Florida. Defendants recruited Mr. Osborn to travel to Wisconsin to work detasseling corn.

5. At all times relevant to this action, Mr. Osborn was a "migrant agricultural worker" within the meaning of 29 U.S.C. § 1802(8)(A).

6. NUÑO HARVESTING, CORP., "Nuño Harvesting" or "Defendant" is a Florida corporation that conducts farm labor operations, including detasseling and rogueing, in Wisconsin. Process may be served by registered mail to Nuño Harvesting Corp via registered agent Eric Nuño 4068 42nd SQ Vero Beach, FL 32967

7. ERIC NUÑO, or "Defendant," is a natural person residing in Vero Beach, Florida and an officer of Nuño Harvesting.

8. At all times relevant to this action, Defendants Eric Nuño and Nuño Harvesting were each a "farm labor contractor" within the meaning of 29 U.S.C. § 1802(7).

## STATEMENT OF FACTS

9. Defendants recruited Mr. Osborn to come work in Wisconsin at the end of June in 2015.

10. Defendants did not provide written disclosures to Mr. Osborn at the time of his recruitment in Florida.

11. Defendants hired Mr. Osborn to transport other workers from Fort Pierce Florida to Fennimore, Wisconsin on or about July 2-3, 2015.

12. Defendants never paid Mr. Osborn for transporting the workers to Wisconsin.

13. On or about July 3, 2015, Mr. Osborn and the other workers arrived in Wisconsin.

14. Defendants' records indicate Defendants provided Mr. Osborn with a work agreement dated July 3, 2015. This date is after Mr. Osborn was recruited and after he left his home in Florida to work for Nuño Harvesting in Wisconsin. This agreement provides for a guaranteed wage of $7.25 per hour.

15. During the course of his employment, Mr. Osborn worked on crops that were produced for movement in interstate commerce or for incorporation in ingredients that could be anticipated to move into interstate commerce.

16. Mr. Osborn and other workers began work rogueing corn fields in Wisconsin for Defendants on July 4, 2015.

17. The pay stubs of the first check the Defendants issued Mr. Osborn does not show that Mr. Osborn was paid for his work for July 4, 2015.

18. The pay stub of the first check the Defendants issued Mr. Osborn notes a pay period of July 5, 2015—July 11, 2015, an hourly rate of $12.88 per hour, and a work week of 40 hours.

19. Mr. Osborn worked more than 40 hours from July 5, 2015—July 11, 2015. Defendants' available time records also indicate Mr. Osborn worked hours in excess of 40 hours during this time period.

20. The pay stub of the second check the Defendants issued Mr. Osborn indicates a pay period of July 12, 2015—July 18, 2015, a work week of 45 hours, and an hourly rate of $10.

21. Mr. Osborn does not know why Defendants reduced his alleged hourly rate from $12.88 per hour to $10.00 per hour.

22. Mr. Osborn worked more than 45 hours from July 12—July 18, 2015. The Defendants' own records indicate Mr. Osborn worked more than 45 hours during this time period.

23. The pay stub of the third check the Defendants issued Mr. Osborn shows a pay period of July 19—July 25, 2015, an hourly rate of $10, and a work week of 45 hours.

24. Mr. Osborn worked more than 45 hours from July 19—July 25, 2015. Defendants' own records indicate a work week over 45 hours.

25. The pay stub of the forth check the Defendants issued Mr. Osborn shows a pay period of July 26, 2015—August 1, 2015, a pay rate of $10 per hour, and a work week of 14 hours.

26. Mr. Osborn worked more than 14 hours from July 26—August 1, 2015. Defendants' own records indicate that Mr. Osborn performed more than 14 hours of agricultural work from July 26—August 1, 2015.

27. On or about July 30, 2015, Mr. Osborn drove the bus of Nuño Harvesting employees from Fennimore, Wisconsin to Fort Pierce Florida. Defendants did not pay Mr. Osborn for the hours he spent driving.

## AWPA CLAIMS

### FIRST CAUSE OF ACTION

28. The Defendants violated 29 U.S.C. 1821(a) by failing to provide Mr. Osborn the required information regarding the terms of employment at the time of his recruitment.

### SECOND CAUSE OF ACTION

29. The Defendants violated 29 U.S.C. §1822(a) by failing to pay Mr. Osborn all wages owed when due.

### THIRD CAUSE OF ACTION

30. The Defendants violated 29 U.S.C. §1831(c) by failing to make, keep, and preserve pay records, and failing to provide Mr. Osborn with accurate pay statements with the information required by the AWPA.

31. For each such violation of the AWPA, Mr. Osborn is entitled to recover his actual damages or up to $500 per violation in statutory damages.

## WISCONSIN MIGRANT ACT CLAIMS

### FOURTH CAUSE OF ACTION

32. The Defendants violated Wis. Stat. § 103.915(1)(a), by failing to provide Mr. Osborn with the required written disclosure statement at the time of recruitment.

### FIFTH CAUSE OF ACTION

33. The Defendants violated Wis. Stats. § 103.93(1)(a) by failing to pay Mr. Osborn all wages owed when due.

# FAIR LABOR STANDARDS ACT CLAIM

# SIXTH CAUSE OF ACTION

34. The Defendants violated 29 U.S.C. 206(a) by failing to pay Mr. Osborn the minimum wage during his employment.

35. As a consequence of the Defendants' violations of his rights under the FLSA, Mr. Osborn is entitled to his unpaid minimum wages, plus an additional equal amount in liquidated damages, and costs of court, pursuant to 29 U.S.C. § 216(b).

# PRAYER FOR RELIEF

WHEREFORE, Mr. Osborn requests that the Court award him statutory and actual damages as provided in 29 U.S.C. §1854(c), Wis. Stats. §103.97, and 29 U.S.C. § 216(b) for each violation proven, attorneys fees, and such further relief as the Court deems equitable.

Respectfully submitted,

By: LEGAL ACTION OF WISCONSIN, INC.
ATTORNEYS FOR DANIEL OSBORN

/s/ Erica Sweitzer-Beckman
Erica Sweitzer-Beckman
State Bar No. 1071961
elb@legalaction.org

Kevin Magee
State Bar. No. 1017673
kgm@legalaction.org

31 South Mills Street
Madison, Wisconsin   53715
(608) 256-3304
(608) 256-0510 fax